UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RIDE, INC., *et al.*, | : | Case No. 3:12-cv-271 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JACK A. BOWSHIER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 18); and
(2) DENYING PLAINTIFFS' MOTION TO AMEND (Doc. 24) AS MOOT**

This civil action is before the Court on Defendants'[1] motion to dismiss[2] (Doc. 18), Plaintiffs'[3] motion to amend (Doc. 24), and the parties' responsive memoranda (Docs. 23, 29).

## I.  FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

---

[1] Defendants include Jack A. Bowshier, Jack D. Bowshier, Just Wheels Used Cars Inc., Sky River LTD, Wild Rides, Inc., and Jalin Nautical, LLC (collectively "Defendants").

[2] Defendants' motion to dismiss also presents in the alternative as a motion for leave to file an amended answer, counterclaim, and third party complaint. (Doc. 18).

[3] Plaintiffs include Ride, Inc. and Cycles Unlimited, LLC (collectively, "Plaintiffs").

**A. The Instant Case**

Plaintiffs' complaint presents claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 *et seq.*, as well as certain state law claims.

The primary basis for Plaintiffs' complaint is that the Defendants, Jack A. Bowshier and Jack D. Bowshier, fraudulently embezzled and converted funds from the Plaintiffs to facilitate the purchase of numerous automobiles, a yacht, a motor coach, and personal home improvements.  As set forth in the complaint, some of these expenditures were paid directly from Ride, Inc., other payments were made to other entities owned, or partially owned by Jack A. Bowshier and Jack D. Bowshier, and those entities subsequently made the personal payments of Messrs. Bowshier.  Plaintiffs also maintain that Messrs. Bowshier fraudulently transferred title to certain vehicles purchased by Ride, Inc. to either themselves or entities in which they have an ownership interest, without any consideration.  Additionally, unauthorized corporate and personal payments were made to Messrs. Bowshier, including monthly bonuses and car payments.

Accordingly, Plaintiffs have brought claims in this Court against Defendants, for: (1) violations of the federal RICO statute; (2) violations of the Ohio RICO statute; (3) replevin; (4) fraud and constructive fraud; (5) unjust enrichment, constructive trust, and disgorgement; (6) conversion; (7) breach of fiduciary duty and breach of duty of loyalty; (8) a declaratory judgment as to the proper and correct ownership of certain

classic vehicles, motorcycles and other property; and (9) injunctive relief (protecting Plaintiffs' assets).

### B. The Indiana Lawsuit

On January 27, 2011, Plaintiffs, along with another Ohio corporation known as Ride Motorcycles, Inc., filed a Verified Complaint in the Superior Court of Allen County, Indiana (Cause No. 02D01-1101-PL-18).  The *only* defendants in that case are Jack A. Bowshier and Jack D. Bowshier.[4]  The claims presented in the Indiana lawsuit are for embezzlement, conversion, breach of contract, and replevin.

The Indiana lawsuit was filed in Indiana inasmuch as the Plaintiffs and Defendants in that case were parties to an Agreement whereby Jack D. Bowshier and Shawn Bowshier were to purchase the interests in the Plaintiff corporations, Ride, Inc. and Cycles Unlimited, LLC, from another individual, Dean Kruse.  (Doc. 23, Ex. 1 at ¶¶ 3, 4).[5]  That agreement contained a forum selection clause requiring that any dispute regarding the agreement be filed in Allen County, Indiana.  (*Id*. at ¶ 7).

During the course of discovery in the Indiana lawsuit, Plaintiffs discovered that many of the assets at issue were converted or transferred to, or through, several entities owned by Jack A. Bowshier or Jack D. Bowshier.  (Doc. 23, Ex. 1 at ¶ 8).  These entities

---

[4] A third Defendant, Shawn A. Bowshier, was dismissed from the Indiana lawsuit by Plaintiffs.

[5] Jack A. Bowshier also initially claimed the right to purchase shares of Ride, Inc. and units of Cycles Unlimited, LLC by virtue of "side agreements." (Doc. 23, Ex. 1 at ¶ 5).  However, Jack A. Bowshier has since abandoned that claim in the Indiana lawsuit after the Plaintiffs filed a motion for summary judgment on the basis that Jack A. Bowshier failed to disclose such interests during his 2003 bankruptcy proceedings.  (*Id.* at ¶ 6).

include Defendants Just Wheels Used Cars, Inc., Sky River, Ltd., Wild Rides, Inc. and Jalin Nautical, LLC. (*Id.* at ¶ 9). To the best of Plaintiffs' knowledge, none of the foregoing corporate entities have done any business in Indiana and they are not parties to the Indiana lawsuit. (*Id.* at ¶ 10).

Defendants have moved to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc 18). If this Court were to grant the motion to dismiss, Plaintiffs seek leave to amend the complaint. (Doc. 24).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing

4

*Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (*citing* Fed. Rule Civ. Proc. 8(a)(2)).

### III.  ANALYSIS
#### A.  First-to-File

First, Defendants argue that the "prior pending action" doctrine, or the first-to-file rule, requires this action be dismissed.

The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank.  The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment."  *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984).  The Sixth Circuit has referenced the rule without

discussing it by name.  *See In re American Med. Sys., Inc*., 75 F.3d 1069, 1088 (6th Cir. 1996).

The rule applies only when substantially similar actions have been filed in two different federal district courts.  "[W]hile the Defendants are correct that the determination of HCC's claims hinges on the determination of an issue already properly before two other courts in cases involving substantially the same parties, the first-to-file rule does not apply under these circumstances.  Here, the actions similar to the matter *sub judice* were previously filed in state court, not federal court.  Thus, the first-to-file doctrine is inapplicable in this case."  *Healthcare Capital, LLC v. HealthMed, Inc*., 213 F.Supp.2d 850, 856 (S.D. Ohio 2002).  Accordingly, here, the first-to-file rule is inapplicable where the prior-filed similar action was filed in state court, not federal court.  *DPL, Inc. v. Sec. Litig.*, 28 F. Supp. 2d 1053, 1057 (S.D. Ohio 2003).  Therefore, inasmuch as the Indiana lawsuit is pending in state court, the prior pending action and first-to-file rule is inapplicable to this case.[6]

**B. Sufficiency of the Complaint**

Next, Defendants claim that Plaintiffs' complaint should be dismissed for failure to plead with the requisite specificity.

---

[6] Additionally, the Indiana lawsuit does not involve "substantially the same issues and parties." *Healthcare Capital*, 213 F.Supp. 2d at 856.  None of the corporate Defendants in this action are parties to the Indiana lawsuit.  Moreover, inasmuch as the tortious activity alleged by the Plaintiffs occurred in Ohio, there appears to be no basis for jurisdiction over such Defendants in Indiana.  The federal RICO and Ohio RICO claims have not been brought in Indiana against any of the Defendants.

1) "Defendants argue that plaintiff has not alleged a pattern of racketeering activity with the requisite specificity.  Rule 9(b) of the Fed. R. Civ. P. requires the Plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff."  (Doc. 18 at 5).

2) "Plaintiffs have failed to plead with particularity a long term and habitual nature of the alleged criminal actions of the Defendants.  Therefore, the RICO claim should be dismissed."  (Doc. 18 at 6).

Fed. R. Civ. P. 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  To satisfy Rule 9(b), a plaintiff must allege, at a minimum, the time, place, and content of the alleged misrepresentation; the fraudulent scheme; the fraudulent intent of the defendant; and the injury resulting from fraud.  *U.S. ex rel. Mariar v. BWXT Y-12, LLC*, 525 F.3d 439, 445 (6th Cir. 2008).

If fraud is the predicate act on which a civil RICO matter is based, the pleading is governed by Rule 9(b).  *Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992).  "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact."  *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987).  As to the level of specificity required, "a RICO plaintiff must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged

7

communications perpetrating the fraud." *Goren v. New Vision Int'l*, 156 F.3d 721, 726 (7th Cir. 1998).

> With respect to Defendants' 9(b) argument, this court has held that "[i]t is a principle of basic fairness that a plaintiff should have an opportunity to flesh out her claim through evidence unturned in discovery. Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). "Especially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where the facts underlying the claims are within the defendant's control." *Id.*

*Williams v. Duke Energy Int., Inc.*, No. 10-3604, 2012 U.S. App. LEXIS 11189, at *33 (6th Cir. 2012).

With regard to the RICO claims based upon predicate acts of wire and mail fraud, Plaintiffs maintain that it was Defendants' omission of information that was fraudulent, *i.e.*, the ongoing failure of Defendants in their fiduciary capacity to inform the Plaintiffs of their embezzlement and conversion of millions of dollars. Accordingly, the usual "who, what, where, and how" pleading requirements are inapplicable. The Court finds, however, that the 34 paragraphs in the complaint explaining the who, what, where, and how are sufficiently detailed to put Defendants on notice and enable them to formulate a response. (*See* Doc. 1 at ¶¶ 20-21, 23-26, 29, 35-36, 39-47, 54-68, 84-86, 88-89).[7]

---

[7] When making this determination, the Court also considered that the information regarding the transactions at issue were within the knowledge and control of Jack A. Bowshier and Jack D. Bowshier. (Doc. 23, Ex. 1 at ¶ 11). Moreover, Plaintiffs allege that on the date of their termination, the Defendants erased hard drives on their computers that contained information relating to the transactions. (*Id.* at ¶ 14).

## IV.  CONCLUSION

Accordingly, for the foregoing reasons: (1) Defendants' motion to dismiss (Doc. 18) is **DENIED**; (2) Defendants' alternative motion to file an amended answer, counterclaim, and third party complaint is **GRANTED**;[8] and (3) Plaintiffs' second motion to amend (Doc. 24) is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

Date:   3/29/13                                                          *s/ Timothy S. Black*
                                                                                      Timothy S. Black
                                                                                      United States District Judge

---

[8] First, however, Plaintiffs shall file an amended complaint with the spoliation allegation (Doc. 17) as ordered on February 5, 2013.  The amended complaint shall be filed forthwith.  Defendants shall file the amended answer, counterclaim, and third party complaint within 14 days thereafter.

9